IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WELLS FARGO BANK, N.A.,

    Plaintiff,

v.

DAVID A. THOMAS, et al.,

    Defendants.

No. C 12-01569 JSW

**ORDER GRANTING MOTION FOR REMAND**

Now before the Court is the motion for remand filed by plaintiff Wells Fargo Bank, N.A ("Wells Fargo"). The Court has considered the parties' papers, relevant legal authority, and it finds this matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for July 6, 2012 is VACATED. The Court grants Wells Fargo's motion for remand.[1]

## ANALYSIS

**A.**    **Applicable Legal Standard.**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); see also 28 U.S.C. § 1441. However, federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly,

---

[1] The Court GRANTS Wells Fargo's Request for Judicial Notice ("RJN"). *See* Fed. R. Evid. 201.

the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, *amended by* 387 F.3d 966 (9th Cir. 2004); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

### 1. Removal Was Untimely.

Thomas removed this matter more than thirty days after he was served and filed an answer in state court. "A defendant seeking to remove from state to federal court must file a notice of removal within thirty days of receiving a copy of the initial pleading. 28 U.S.C. § 1446(b)." *Destfino v. Reiswig*, 630 F.3d 952, 955 (9th Cir. 2011). "[T]he [§ 1446(b)] time limit is mandatory and a timely objection to a late petition will defeat removal." *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980). Thomas filed an answer on February 16, 2012 and removed this action on March 29, 2012 more than thirty days later. Therefore, his removal was untimely and this matter shall be remanded.

### 2. Lack of Subject Matter Jurisdiction.

This action shall also be remanded based on lack of subject matter jurisdiction. To the extent Thomas contends that federal question provides a basis for removal, he is mistaken. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule.'" *Caterpillar Inc. v. Williams*, 482 U.S. 382, 392 (1987). The well-pleaded complaint rule recognizes that the plaintiff is the master of his or her claim. "[H]e or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Thus, under the well-pleaded complaint rule, federal-question jurisdiction arises where the "complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. at 27-28. "It is well settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only true question at

2

issue." *Caterpillar,* 482 U.S. at 393 (emphasis in original). Here, the complaint alleges a single claim for unlawful detainer. Because unlawful detainer claims do not arise under federal law, there is no federal question jurisdiction.

The Court also determines that it does not have diversity jurisdiction over this matter. First, the amount in controversy does not exceed the jurisdictional amount of $75,000. "In unlawful detainer actions, the right to possession is contested, not title to the property, and plaintiffs may collect only damages that are incident to that unlawful possession." *Federal Home Loan Mortgage Corp. v. Pulido*, 2012 WL 540554 (N.D. Cal. Feb. 17, 2012). Here, Wells Fargo seeks daily damages of $33.33 from November 27, 2011 until judgment. To date, Wells Fargo's damages amount to approximately $7,000, which is well under the jurisdiction minimum.

Diversity jurisdiction is lacking for another independent reason. 28 U.S.C. § 1441(b) prohibits removal where a defendant in the case is a citizen of the state in which the plaintiff originally brought the action. Thomas is a citizen of California. Therefore, pursuant to 28 U.S.C. § 1441(b), he is precluded from removing this action on the grounds of diversity.

Thomas contends that removal is proper under 28 U.S.C. § 1443(1), as a civil rights action. "To remove a civil rights case under section 1443, it must appear that the right allegedly denied arises under a federal law providing for specific civil rights stated in terms of racial equality, and that the removal petitioner is denied or cannot enforce the specific federal right in state court." *Hewitt v. City of Stanton*, 798 F.2d 1230, 1233 (9th Cir. 1986) (citing *Georgia v. Rachel*, 384 U.S. 780, 792 (1966) and *City of Greenwood v. Peacock*, 384 U.S. 808, 831 (1966)). Thomas has not established either of these elements. Accordingly, removal was not proper under 28 U.S.C. § 1443(1) and the Court hereby grants Wells Fargo's motion to remand.

///
///
///
///
///

**CONCLUSION**

For the foregoing reasons, the Court GRANTS the motion to remand. The Clerk shall remand this case to the Superior Court of Alameda County forthwith.

**IT IS SO ORDERED.**

Dated: July 3, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

WELLS FARGO BANK, N.A. et al,

    Plaintiff,

v.

THOMAS et al,

    Defendant.

Case Number: CV12-01569 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 3, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

David A. Thomas
19500 Mount Jasper Drive
Castro Valley, CA 94552

Dated: July 3, 2012

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk